IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ARREOLA,<br><br>         Plaintiff,<br><br>  v.<br><br>DR. JOHN HENRY, et al.,<br><br>         Defendants.<br>_____ | No. C 11-02843 EJD (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE MOTION TO DISMISS OR NOTICE REGARDING SUCH MOTION; DIRECTING PLAINTIFF TO PROVIDE LOCATION INFORMATION FOR DEFENDANT ADA O.; INSTRUCTIONS TO CLERK |

Plaintiff, a California inmate at the Salinas Valley State Prison ("SVSP") in Soledad, filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement while he was previously housed at the Correctional Training Facility ("CTF") in Soledad. The Court will now conduct its initial review of the complaint.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## B. Plaintiff's Claims

The following allegations pertain to the medical care Plaintiff received from his initial diagnosis and surgery for surgical hernia and the related events thereafter.

Plaintiff claims on December 15, 2008, while housed at CTF, he was diagnosed as having surgical hernia for which he was referred to a specialist. (Compl. Attach. at 5.) Plaintiff began consultation with Defendant Dr. John G. Henry, who explained to him the necessary surgical procedure for his condition in May 2009. (Id. at 5-6.) On June 23, 2009, Dr. Henry performed surgery on Plaintiff at Twin Cities Community Hospital. (Id. at 6.) Plaintiff alleges that the very next day, he started to experience increasing pain in his abdomen. (Id.) After he was discharged from the hospital and returned to CTF, Plaintiff continued to experience pain in his abdomen, fever, persistent nausea and vomiting, which lead him to believe that Dr. Henry "did more than what he explained" to Plaintiff. (Id. at 6-7.)

On June 27, 2009, Plaintiff was placed on psych observation due to his "dizzy and bizzare moods and constant complaining for help." (Id. at 7.) Plaintiff was prescribed Ativan, a psych medication, which according to Plaintiff "knocks people out into a deep sleep." (Id.) Plaintiff claims that his "serious and obvious medical need was dismissed as purely psycological [sic]." (Id.) Plaintiff was seen by Defendant Dr. Darrin Bright, whom Plaintiff alleges labeled him as a "drug user and a drug seeker trying to get

attention"; Dr. Bright continually ignored Plaintiff's requests for medical attention. (Id. at 7-8.) Plaintiff claims that he continued to experience persistent pain in his stomach and abdomen.

On July 1, 2009, when Plaintiff's surgical wound began to emit "feces and pus," he was transported back to Twin Cities Community Hospital. (Id. at 10.) Plaintiff claims that he was treated with antibiotics and pain medication, and that a culture of the wound tested positive for ecoli. (Id.) After Dr. Henry examined Plaintiff, he told him that he had a "superficial infection" and that the wound would heal once the bacteria drained. (Id.) Plaintiff claims that his health continued to deteriorate, that it was very painful to walk, and that whenever he stood up, the dressing on his wound would soak up and fall off. Meanwhile, Dr. Henry did nothing to address these problems. (Id. at 11.) Plaintiff was discharged on July 8, 2009, and transported back to CTF.

On July 10, 2009, Plaintiff alleges that he developed "increasing throbbing pain in [his] belly... fevers and nau[s]ea" and "constant drainage coming out of the wound." (Id. at 12.) Plaintiff "went man-down" at 5:00 am, and was transported to the prison's central clinic where Nurse Coney and Defendant Nurse Ada O. cleaned and redressed his wound. (Id.) Later that day, Plaintiff was seen by his primary care physician who was "shocked" at Plaintiff's condition and authorized Plaintiff's transfer to Natividad Medical Center. On July 11, 2009, Dr. Mark Palmer performed surgery on Plaintiff, which involved "multiple intra-abdominal abscess and a enterocutaneous fistula," "exploratory laparotomy and bowel resection," and removal of the mesh which had originally been placed by Dr. Henry. (Id. at 15.) Plaintiff was discharged on July 28, 2009, and returned to CTF. Plaintiff thereafter continued to experience complications, and after a follow-up appointment, Dr. Palmer determined that Plaintiff required "reconstruction of [his] abdominal wall" and referred him to a specialist at UCSF. (Id. at 18.) When a CT scan of Plaintiff's abdomen and pelvis were requested by Plaintiff's primary care physician and another doctor on August 17, 2009, Dr. Bright denied the requests. (Id.)

Plaintiff claims that in October 2009, the North Facility where he was housed was

1 put on modified program, and he stopped receiving medical treatment.  (Id. at 20.)
2 Plaintiff continued to experience negative symptoms: "extreme pressure inside [his]
3 stomach," "blood in the stool,"  "throbbing pain and swelling in [his] abdomen" and
4 "fevers and nausea."  (Id.)  On November 1, 2009, Plaintiff sought medical attention after
5 these symptoms had persisted for three days, and a gurney was ordered to take him to the
6 prison clinic.  (Id. at 21.)  When Defendant Nurse Ada O. came to transport him, she
7 yelled and was verbally abusive to Plaintiff, and at one point "slapped [Plaintiff's] hand
8 so hard that the safety restraint flew out of [his] hand" while he was attempting to get on
9 the gurney.  (Id.)  Once at the clinic, Nurse Ada gave Plaintiff malox and citrite before
10 sending him back to his cell.  (Id. at 22.)  Plaintiff thereafter filed a complaint against
11 Nurse Ada.  (Id.)

12 On November 6, 2009, Plaintiff was again transported to the emergency room at
13 Natividad Hospital when he exhibited fever and his abdomen had "redness and swelling
14 and bubbles forming on the wound."  (Id.)  Plaintiff was discharged from the hospital
15 three days later on November 9, 2009, after being informed that arrangements and
16 appointments would be scheduled to repair his abdomen.  (Id. at 25.)  Shortly after his
17 return to CTF, Plaintiff was placed in the prison hospital unit but then transferred back to
18 general population at the order of Dr. Bright on November 19, 2009.  (Id. at 26-29.)
19 Plaintiff was moved back to the hospital unit on November 27, 2009, at the order of his
20 primary care physician.

21 Plaintiff claims that in early December 2009, his psychologist Dr. Seay informed
22 him that she had spoken with Defendant Dr. Joseph Chudy, CTF's Chief Medical Officer,
23 and other prison medical personnel, and they had told him that Plaintiff would continue to
24 receive medical coverage and that CTF would pay for his surgery at UCSF.  (Id. at 32.)
25 Plaintiff was thereafter provided with documents pertaining to his appointment with
26 various medical personnel at UCSF.  (Id. at 32-35.)  Then he was unexpectedly paroled
27 on December 9, 2009, although his original parole date was December 15, 2009, and put
28 on a bus to Los Angeles.  (Id. at 36.)  With the help of Supervisor Stan at his parole

office, Plaintiff managed to return to San Francisco on time to make his appointment with Dr. Scott L. Hansen of UCSF on December 14, 2009. (Id. at 41.) Dr. Hansen advised Plaintiff not to miss his next "important" appointment on January 13, 2010. (Id.) However, on January 11, 2010, Plaintiff was informed by Supervisor Stan that CTF had cancelled Plaintiff's appointment at UCSF, and that they were no longer going to pay for the surgery. (Id. at 41-42.) Plaintiff was directed to go to a county hospital for further treatment. During this time, Plaintiff was living at a local homeless shelter and was without means of obtaining treatment on his own. (Id.) Plaintiff received some assistance through proprietor of the shelter. (Id.)

On May 23, 2010, Plaintiff was arrested for shoplifting two packs of razors at a local supermarket, and transported to the local general hospital emergency room. (Id. at 44-45.) The doctor there found Plaintiff's condition to be serious but stable, and recommended referral to a specialist. (Id. at 45.) Plaintiff was sentenced to state prison on January 18, 2011, and transferred to North Kern State Prison on February 1, 2011. (Id. at 46-47.) During February and March 2011, Plaintiff was seen by three separate doctors who each referred him to a specialist. (Id. at 47.) On April 11, 2011, Plaintiff was transferred to Salinas Valley State Prison. (Id.) On April 21, 2011 and May 19, 2011, he was seen by his primary care provider, Dr. E. Birdsong, who twice referred him to UCSF. (Id.) Plaintiff filed the instant complaint on June 10, 2011, seeking declaratory judgment and damages.

Liberally construed, Plaintiff's claims as described above are cognizable under § 1983 as violating his Eighth Amendment right against deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Plaintiff's claim of "surgery malpractice," (Compl. Attach. at 4), is DENIED for failure to state a claim. A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

**C.      Location Information for Defendant Ada O.**

Plaintiff states that Defendant Nurse Ada O. is no longer employed by CTF, but fails to provide her current location. (Compl. Attach. at 3.) In cases wherein the Plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. 1915(d). The Court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the Court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a Plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such Plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

Here, Plaintiff must provide the Court with the current location information where Defendant Nurse Ada O. may be served in order for this action to proceed against her. Furthermore, Plaintiff is advised that he should provide the Court with her accurate full last name to avoid potential service issues which may result in further delay. If service of the summons and complaint is not made upon a defendant in 120 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause." Fed. R. Civ. P. 4(m).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      The clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint, (Docket No. 1), all attachments thereto, (Docket No. 3), and a copy of this order upon Defendants as follows**: Dr. John Henry** at Twin Cities Community Hospital (1100 Las Tablas Rd., Templeton , CA 93465); **Dr. Darrin Bright** at Salinas Valley State Prison ((P.O. Box 1020, Soledad, CA 93960-1020); and **Dr. Joseph Chudy**, Chief Medical Officer, at the

Correctional Training Facility in Soledad (P.O. Box 686, Soledad, CA 93960-0686).

Plaintiff is directed to provide the Court with current address for Nurse Ada O., where she can be served by the Marshal, **no later than thirty (30) days from the date of this order. Failure to do so may result in the dismissal without prejudice of this action against Defendant Ada O. pursuant to Federal Rule of Civil Procedure 4(m).**

2. No later than **sixty (60) days** from the date of this order, Defendants shall file a motion, or notice that such motion is unwarranted, to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

3. Plaintiff's opposition to the motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

   a. In the event the Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

   > The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

4. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due.

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

1  No hearing will be held on the motion unless the Court so orders at a later date.

2        6.    All communications by the Plaintiff with the Court must be served on
3  Defendants, or Defendants' counsel once counsel has been designated, by mailing a true
4  copy of the document to Defendants or Defendants' counsel.

5        7.    Discovery may be taken in accordance with the Federal Rules of Civil
6  Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or
7  Local Rule 16-1 is required before the parties may conduct discovery.

8        8.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
9  court informed of any change of address and must comply with the court's orders in a
10 timely fashion. Failure to do so may result in the dismissal of this action for failure to
11 prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12       9.    Extensions of time must be filed no later than the deadline sought to be
13 extended and must be accompanied by a showing of good cause.

15 DATED: October 28, 2011

EDWARD J. DAVILA
United States District Judge

Order of Service; Directing P to Provide Info.
02843Arreola_svc.wpd

8

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MANUEL ARREOLA,

        Plaintiff,

  v.

DR. JOHN HENRY, et al.,

        Defendants.

Case Number: CV11-02843 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 10/31/2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Manuel Arreola V-98236
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960

Dated: 10/31/2011

        Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk