IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ARREOLA,<br><br>    Plaintiff,<br><br> v.<br><br>DR. JOHN HENRY, et al.,<br><br>    Defendants. | No. C 11-02843 EJD (PR)<br><br>ORDER DIRECTING PLAINTIFF TO PROVIDE COURT WITH MORE INFORMATION FOR UNSERVED DEFENDANTS; REQUESTING CTF TO PROVIDE FORWARDING ADDRESS FOR FORMER EMPLOYEE; DIRECTING CLERK TO ISSUE NOTICE OF LAWSUIT TO DEFENDANT BRIGHT |

Plaintiff, a California inmate at the Salinas Valley State Prison ("SVSP") in Soledad, filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement while he was previously housed at the Correctional Training Facility ("CTF") in Soledad. The Court ordered service of Plaintiff's complaint upon the named defendants. (See Docket No. 5.) The following defendants have not been served.

**DISCUSSION**

**A.    Insufficient Location Information**

The summons for Defendant Dr, Darren Bright that was sent to SVSP, where Plaintiff indicated he was located, was returned unexecuted on November 18, 2011, with

the following remark: "Doctor is on active military duty. He is not expected to return until April 2012." (Docket No. 8.) The summons for Defendant Dr. John Henry was returned because Defendant Henry is no longer employed at Twin Cities Community Hospital in Templeton, CA, having retired approximately 2 years ago. (Docket No. 32.) Accordingly, Bright and Henry have not been served.

Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m).

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Defendant Henry, and consequently Plaintiff must remedy the situation or face dismissal of his claims against this defendant without prejudice. See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994)(holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Accordingly, Plaintiff must provide the Court with this Defendant's accurate current location such that the Marshal is able to effect service.

The Court will reissue summons to Dr. Bright as it appears that he may have returned from active military duty by this time.

**B.** **Location Information for Defendant Ada O.**

In the Order of Service, the Court directed Plaintiff to provide a current location information for Defendant Nurse Ada O., where she may be served in order for this action to proceed against her. Plaintiff was also advised to provide the Court with Defendant's accurate full last name to avoid potential service issues which may result in further delay.

Plaintiff filed a response, stating that Defendant's full name is Adaku Onyemaoki,

Order Re Unserved Defs.
G:\PRO-SE\SJ.EJD\CR.11\02843Arreola_unserved Ds.wpd

2

but that he has been unable to obtain her current location information. (Docket No. 10.) He requests the Court provide a subpoena by which he can obtain the necessary information. (Id.) The request is GRANTED, and Plaintiff shall be provided with blank subpoena forms.

Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," his claims against Defendant Onyemaoki are subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m). Plaintiff is directed to provide the Court with current address for Nurse Onyemaoki where she can be served by the Marshal, **no later than thirty (30) days** from the date this order is filed.

In the interest of justice, the Court will also request the Litigation Coordinator at CTF to provide any forwarding address information for Nurse Adaku Onyemaoki, or notice that such information is not available.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff must file notice and provide the Court with the accurate current location of Defendant John Henry such that the Marshal is able to effect service. **If Plaintiff fails to provide the Court with an accurate current location for this Defendant within thirty (30) days of the date this order is filed, Plaintiff's claims against Henry will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

2. Plaintiff must file notice and provide the Court with the accurate current location of Defendant Nurse Adaku Onyemaoki such that the Marshal is able to effect

Order Re Unserved Defs.
G:\PRO-SE\SJ.EJD\CR.11\02843Arreola_unserved Ds.wpd

3

1 service. **Plaintiff fails to provide the Court with an accurate current location for this Defendant within thirty (30) days of the date this order is filed, Plaintiff's claims against Onyemaoki will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

The Clerk shall enclose two blank subpoena forms with a copy of this order to Plaintiff.

3. The Clerk shall forward a copy of this order to the Litigation Coordinator at the Correctional Training Facility in Soledad, (P.O. Box 686, Soledad, CA 93960-0686), who is requested to provide any forwarding address available for a former employee Nurse Adaku Onyemaoki, or notice that such information is not available, **within twenty (20) days** from the date this order is filed.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, a copy of the Court's Order of Service (Docket No. 5), and a copy of this order upon **Dr. Darrin Bright** at **Salinas Valley State Prison** ((P.O. Box 1020, Soledad, CA 93960-1020).

5. Defendant Bright shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable, and briefing shall proceed thereafter, in accordance with the schedule and instructions set forth in the Court's Order of Service, filed October 31, 2011, (Docket No. 5).

DATED:  5/4/2012

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MANUEL ARREOLA,

        Plaintiff,

  v.

DR. JOHN HENRY, et al.,

        Defendants.

Case Number: CV11-02843 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   5/4/2012  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Manuel Arreola V-98236
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960

Litigation Coordinator
Correctional Training Facility in Soledad
P.O. Box 686
Soledad, CA 93960-0686

Dated:   5/4/2012

           Richard W. Wieking, Clerk
          /s/By: Elizabeth Garcia, Deputy Clerk