IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ARREOLA, | No. C 11-02843 EJD (PR) |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR RECONSIDERATION AS MOOT; DISMISSING DEFENDANT A. ONYEMAOBI |
| v. | |
| DR. JOHN HENRY, et al., | |
| Defendants. | |
| | (Docket Nos. 18 & 51) |

Plaintiff, a California inmate at the Salinas Valley State Prison ("SVSP") in Soledad, filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement while he was previously housed at the Correctional Training Facility ("CTF") in Soledad. The Court found cognizable Plaintiff's claims against Defendants Dr. John Henry, Dr. D. Bright, and Dr. Joseph Chudy, and ordered service of the complaint. Defendant Chudy has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] (Docket No. 18.) Plaintiff filed opposition to Defendant's motion, and Defendant filed a reply.

---

[1] Defendant Bright's motion for summary judgment, (Docket No. 59), and Defendant Henry's motion to dismiss, (Docket No. 71), shall be addressed in a separate order once briefing has concluded.

# DISCUSSION

## A. Standard of Review

Failure to state a claim is a grounds for dismissal before service under both sections 1915A and 1915(e)(2), as well as under Rule 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. See Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570; see, e.g., Ashcroft v. Iqbal, 129 S. Ct. 1937, 1952 (2009) (finding under Twombly and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a Bivens action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

## B. Legal Claims and Analysis

The events giving rise to this action began when Plaintiff underwent hernia surgery in May 2009, under the care of Defendant Dr. John Henry. Plaintiff thereafter

experienced complications in his abdomen and stomach area which required additional treatment and surgery throughout 2009 and 2010. Plaintiff claims that Defendant Chudy had "substantial knowledge of the serious harm [Plaintiff] suffered and injury [*sic*]" and that he "failed to carry out the proper treatment for [Plaintiff]." (Compl. at 33.) Plaintiff claims that Defendant Chudy "personally participated with Defendants in creating their own policy and not obeying the constitution which caused a violation of [Plaintiff's] rights." (Id.)

Defendants first argue that since Plaintiff is suing Defendant Chudy only in his official capacity, the claim must be dismissed because it is barred by the Eleventh Amendment. (Docket No. 18 at 1.) Defendants also assert that Plaintiff fails to produce evidence that Defendant is liable under a theory of supervisory liability to show individual liability. Lastly, Defendants asserts that he is entitled to qualified immunity. (Id. at 2.)

**1.    Eleventh Amendment**

The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-38 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Edelman v. Jordan, 415 U.S. 651, 676-77 (1974). Relying in part on the Eleventh Amendment immunity, the Supreme Court also has held that neither a state nor its officials acting in their official capacities are "persons" under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The Court noted that a suit against a state official in his official capacity is not a suit against the official but rather a suit against the official's office, i.e., the state. See id.; see also Kentucky v. Graham, 473 U.S. at 165-168 (official capacity suits are suits against entity that individual represents); Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 524 n.3 (9th Cir. 1999) (official capacity claim against police chief treated as claim against the city of Los

Angeles).[2] Neither a state nor its officials acting in their official capacities therefore may be sued under § 1983. See Will, 491 U.S. at 71; Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995).

Because Plaintiff has sued Defendant Chudy specifically in his official capacity, the Eleventh Amendment applies to bar such a suit against him under § 1983.

### 2. Supervisor Liability

Even if Plaintiff were permitted to amend his complaint to sue Defendant Chudy in his individual capacity under a theory of supervisor liability, Defendant asserts that Plaintiff fails to state a claim upon which relief can be granted because Defendant did not personally participate in providing medical care to Plaintiff, nor did Defendant create or implement any changes to policies relating to medical care at CTF that violated Plaintiff's rights.

In the complaint, Plaintiff identifies Defendant Chudy as the Chief Medical Officer and Health Care Manager at the time of the events giving rise to this action. (Compl. at 3-4.) Plaintiff claims that Defendant Chudy is "responsible for supervising the conditions and operations of medical health care" at CTF. (Id.) Plaintiff claims that in early December 2009, his psychologist Dr. Seay informed him that she had spoken with Defendant Chudy, and other prison medical personnel, who allegedly informed him that Plaintiff would continue to receive medical coverage and that CTF would pay for surgery at UCSF. (Id. at 32.) Plaintiff claims that Defendant Chudy had "substantial knowledge of the serious harm [Plaintiff] suffered and injury [*sic*]" and that he "failed to carry out the proper treatment for [Plaintiff]." (Id. at 33.)

Defendant Chudy asserts that Plaintiff's allegations are only conclusory and that he fails to provide any evidence to support his claims. According to Defendant Chudy, he was not aware of Plaintiff's complaints relating to medical care until September 2009,

---

[2] Because an official capacity suit against a state official is really a suit against the state, the only immunities available to the defendant in such a suit are those that the governmental entity possesses. See Kentucky v. Graham, 473 U.S. at 167.

when Plaintiff filed a grievance, which was partially granted. (Chudy Decl. ¶ 5.) Based on his review of Plaintiff's grievance and medical records, it appeared to Defendant Chudy that Plaintiff was receiving appropriate treatment and medication. (Id. ¶ 4.) When Defendant Chudy was made aware of Plaintiff's need for further treatment in November or December 2009, he attempted to facilitate Plaintiff's treatment at UCSF prior to his parole release date, which is consistent with Dr. Seay's alleged statement to Plaintiff. See supra at 4.

In opposition, Plaintiff claims that he was paroled a week early in order to deny him surgery. Plaintiff claims that Defendant Chudy was aware of Plaintiff's upcoming surgery appointment because the order was signed by Defendant on December 8, 2009. Even assuming this is true and that Defendant knew that Plaintiff was not medically cleared to be transferred to paroled as Plaintiff alleges, Plaintiff fails to provide evidence that Defendant Chudy was responsible for the early release. (Oppo. at 14.) Plaintiff claims in his opposition that Defendant Chudy then cancelled the appointment for surgery on January 13, 2010. (Id. at 16.) In reply, Defendant asserts that Plaintiff's complaint only states that "Supervisor Stan stated that CTF cancelled my appointment on January 13, 2010 at San Francisco (UCSF) Medical Center..." (Compl. at 42.) Although Plaintiff claims that he had an "important appointment" on January 13, 2010, there is no allegation in the complaint that he was actually scheduled for surgery on January 13, 2010. Nor does the complaint allege that Defendant Chudy was the person who cancelled the appointment. (Reply at 3.)

Plaintiff fails to provide sufficient factual allegations to show that he is entitled to relief "above the speculative level." Twombly, 550 U.S. at 553-56. Plaintiff provides no evidence that Defendant Chudy participated in or was otherwise responsible for the denial of medical treatment. A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no basis for supervisor liability here as there are no factual

allegations in the complaint to indicate that Defendant Chudy either personally participated in or directed the denial of medical treatment, or that he knew of the wrongful denial and failed to act to prevent it. See id.

Plaintiff also claims that Defendant Chudy "personally participated with Defendants in creating their own policy and not obeying the constitution which caused a violation of [Plaintiff's] rights." (Compl. at 33.) However, this allegation is conclusory and unsupported by specific facts as to the alleged policy and the acts which caused the violation of Plaintiff's rights. In opposition, Plaintiff asserts that Chudy and other Defendants did not enforce a prison policy established at the time of the events giving rise to this action. (Oppo. at 8, 14.) Plaintiff provides copies of pages out of an "Inmate-Patient's Orientation Handbook to Health Care Services" dated January 2006, addressing diagnostic services and specialty consultations. (Id., Ex. A.) This "policy" states that "Health care staff will provide specialty services for you, based on medical necessity. Your primary care provider may order specialty services to facilitate your access to medical care that is outside his or her area of expertise." (Id. at 2.) However, there are no factual allegations in the complaint to indicate that Defendant Chudy did not follow this policy or that he implemented any changes to the policies relating to medical care at CTF. Rather, the partial grant of Plaintiff's grievances and the approval for outside consultations indicates that Defendant Chudy was upholding the policy.

For the foregoing reasons, Defendant's motion to dismiss the claims for failure to state a claim should be granted.

### 3. **Qualified Immunity**

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court set forth a two-pronged test to determine whether qualified immunity exists. The threshold question is: "Taken in the light most favorable to the party

asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. at 201. If no constitutional right was violated if the facts were as alleged, the inquiry ends and defendants prevail. See id. If, however, "a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established. . . . 'The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.' . . . The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 201-02 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). Although Saucier required courts to address the questions in the particular sequence set out above, courts now have the discretion to decide which prong to address first, in light of the particular circumstances of each case. See Pearson v. Callahan, 129 S. Ct. 808, 818 (2009).

As discussed above, the evidence in the record does not establish a violation of Plaintiff's Eighth Amendment rights by Defendant Chudy. Defendant prevails on the first step of the Saucier analysis, so the Court need not proceed to the second step of the Saucier analysis. Defendant is entitled to qualified immunity.

**C.    Unserved Defendant A. Onyemaobi**

On May 17, 2012, the Court received notification from the Litigation Coordinator of CTF that Defendant Adaku Onyemaoki had moved to Canada as a result of her temporary work visa having expired. (See Docket No. 45.) On June 19, 2012, Plaintiff was given another thirty days to provide the Court with a current address within the United States for Defendant Onyemaoki where she can be served by the Marshal. (Docket No. 50.) Plaintiff was advised that if he failed to provide more information for this defendant in the time provided, his claims against this Defendant would be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Id.)

Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to

effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," his claims against Defendant Muhammad are subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m). Plaintiff has failed to provide sufficient information to effectuate service. Accordingly, the claims against Defendant Adaku Onyemaoki are DISMISSED without prejudice pursuant to Rule 4(m).

## CONCLUSION

For the reasons stated above, Defendant Joseph Chudy's motion to dismiss is GRANTED. (Docket No. 18.) Plaintiff's claims against this Defendant are DISMISSED with prejudice. The Clerk shall terminate Defendant Chudy from this action.

The claims against Defendant Adaku Onyemaoki are DISMISSED without prejudice pursuant to Rule 4(m). The Clerk shall terminate this Defendant from this action.

Plaintiff's motion for reconsideration, (Docket No. 51), is DENIED as moot as Defendant Dr. John Henry has appeared in this matter.

This order terminates Docket Nos. 18 and 51.

DATED: 9/20/2012

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MANUEL ARREOLA,

        Plaintiff,

  v.

JOHN HENRY et al,

        Defendant.

Case Number: CV11-02843 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 21, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Manuel Arreola V-98236
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960

Dated: September 21, 2012

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk

Order Granting MTD; Denying Other Motion; Dismissing Def.
02843Arreola_grant-mtd (Chudy).wpd

9